United States District Court
Southern District of Texas

**ENTERED**

March 24, 2017

David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BENJAMIN JAMES JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-3761 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner Benjamin James Jackson's Petition for Writ of Habeas Corpus and Respondent Lorie Davis' motion for summary judgment. Having carefully considered the Petition, the motion, and the arguments and authorities submitted by the parties, the Court is of the opinion that Davis' motion should be granted, and Jackson's Petition for Writ of Habeas Corpus should be DENIED.

I.    Background

On September 9, 1991, Jackson pled guilty to murder in the 338thDistrict Court of Harris County. He was sentenced to 50 years imprisonment. On April 14, 2015, the Texas Board of Pardons and Paroles recommended that Jackson be denied release on parole and set a new date on which he is eligible to reapply.

Jackson filed two state habeas corpus applications challenging the denial of parole. The Texas Court of Criminal Appeals denied relief without written order on the findings of the trial court. *Ex Parte Jackson*, No. 84,063-01 and -02 (Tex. Crim. App. Nov. 25, 2015).

On December 29, 2015, Jackson filed his initial federal petition. Respondent moved for summary judgment on April 7, 2016, and Jackson responded to the motion on December 8, 2016.

II.  The Applicable Legal Standards

    A.       The Anti-Terrorism and Effective Death Penalty Act

This federal petition for habeas relief is governed by the applicable provisions of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *See Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997).  Under the AEDPA federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Kitchens v. Johnson*, 190 F.3d 698, 700 (5th Cir. 1999).  For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this court may grant relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent]."  *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir.), *cert. denied*, 534 U.S. 885 (2001).  Under the "contrary to" clause, this court may afford habeas relief only if "'the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.'"  *Dowthitt v. Johnson*, 230 F.3d 733, 740-41 (5th Cir. 2000), *cert. denied*, 532 U.S. 915 (2001) (quoting *Williams v. Taylor*, 529 U.S. 362, 406 (2000)).

The "unreasonable application" standard permits federal habeas relief only if a state court decision "identifies the correct governing legal rule from [the Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context

where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 406. "In applying this standard, we must decide (1) what was the decision of the state courts with regard to the questions before us and (2) whether there is any established federal law, as explicated by the Supreme Court, with which the state court decision conflicts." *Hoover v. Johnson*, 193 F.3d 366, 368 (5th Cir. 1999). A federal court's "focus on the 'unreasonable application' test under Section 2254(d) should be on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of the evidence." *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001), *aff'd,* 286 F.3d 230 (5th Cir. 2002) (en banc), *cert. denied sub nom. Neal v. Epps*, 537 U.S. 1104 (2003). The sole inquiry for a federal court under the 'unreasonable application' prong becomes "whether the state court's determination is 'at least minimally consistent with the facts and circumstances of the case.'" *Id.* (quoting *Hennon v. Cooper*, 109 F.3d 330, 335 (7th Cir. 1997)); *see also Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001) ("Even though we cannot reverse a decision merely because we would reach a different outcome, we must reverse when we conclude that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'").

The AEDPA precludes federal habeas relief on factual issues unless the state court's adjudication of the merits was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2); *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). The state court's factual determinations are presumed correct unless rebutted by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Jackson v. Anderson*, 112 F.3d 823, 824-25 (5th Cir. 1997), *cert. denied*, 522 U.S. 1119 (1998).

B.     Summary Judgment Standard in Habeas Corpus Proceedings

In ordinary civil cases, a district court considering a motion for summary judgment is required to construe the facts of the case in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986) (The "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor").  "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases."  *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000).   This principle is limited, however; Rule 56 applies insofar as it is consistent with established habeas practice and procedure.  *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 2254 Cases).   Therefore, § 2254(e)(1) – which mandates that findings of fact made by a state court are "presumed to be correct" – overrides the ordinary summary judgment rule that all disputed facts must be construed in the light most favorable to the nonmoving party.  *See id*.  Unless the petitioner can "rebut[ ] the presumption of correctness by clear and convincing evidence" regarding the state court's findings of fact, those findings must be accepted as correct.  *See id*.  Thus, the Court may not construe the facts in the state petitioner's favor where the prisoner's factual allegations have been adversely resolved by express or implicit findings of the state courts, and the prisoner fails to demonstrate by clear and convincing evidence that the presumption of correctness in 28 U.S.C. § 2254(e)(1) should not apply.  *See Marshall v. Lonberger*, 459 U.S. 422, 432 (1983); *Sumner v. Mata*, 449 U.S. 539, 547 (1981); *Emery v. Johnson*, 940 F.Supp. 1046, 1051 (S.D. Tex. 1996), *aff'd*, 139 F.3d 191 (5th Cir. 1997).

III.   Analysis

Jackson complains that the Board's decision denying him parole violates his rights to due process and equal protection under the Fourteenth Amendment.  He states in conlcusory fashion that the Board did not consider evidence that he is rehabilitated.

A prisoner has no right to release on parole.  Rather, parole is left to the discretion of the parole board.  *See* TEX. GOV'T CODE ANN. § 508.141.

> Because it is entirely speculative whether a prisoner will be released on parole, the court has determined "that there is no constitutional expectancy of parole in Texas." [*Madison v. Parker*], [104 F.3d 765,] 768 [(5th Cir. 1997)]. Therefore, any delay in [petitioner]'s consideration for parole cannot support a constitutional claim.

*Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000).  Thus, Jackson's complaint about the denial of parole does not state a cognizable claim for relief.

Even if the denial of parole could state a claim for relief under some circumstances, Jackson's petition would fail.  Jackson contends that his parole proceeding violated due process, but he cites nothing in the record supporting this claim.  "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition, unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value."  *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).  "The . . . presentation of conclusory allegations unsupported by specifics is subject to summary dismissal. . . ."  *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Jackson's claim that the denial violates his right to equal protection is equally unavailing.  He offers only a conclusory allegation that other, similarly situated, inmates have received parole.

IV.    Conclusion

For the foregoing reasons, Jackson fails to raise a viable claim for habeas relief.  His petition and amended petition must be dismissed with prejudice for the reasons stated in this opinion.

V.    Certificate of Appealability

Jackson has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny COA *sua sponte*.  The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.")  A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request.  *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").  "A plain reading of the AEDPA compels the conclusion that COAs are granted on an issue-by-issue basis, thereby limiting appellate review to those issues alone."  *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997).

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998).  A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to

proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.), *cert. denied*, 531 U.S. 966 (2000). The Supreme Court has stated that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court has carefully considered Jackson's claims. The Court finds that the claims are foreclosed by clear, binding precedent. This Court concludes that under such precedents, Jackson has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court concludes that Jackson is not entitled to a certificate of appealability on his claims.

VI.   Order

For the foregoing reasons, it is ORDERED as follows:

A.   Respondent Lorie Davis' motion for summary judgment (Dkt. No. 12) is GRANTED;

B.    Petitioner Benjamin James Jackson's Petition for Writ of Habeas Corpus (Dkt. No. 1) is in all respects DENIED; and

C.   No certificate of appealability shall issue.

The Clerk shall notify all parties and provide them with a true copy of this Memorandum and Order.

SIGNED on this 24th day of March, 2017.

_____
Kenneth M. Hoyt
United States District Judge